**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mesa Air Group, Inc., a Nevada corporation; Mesa Airlines, Inc., a Nevada corporation<br><br>Plaintiffs,<br><br>vs.<br><br>Mokulele Air Group, Inc., dba Mokulele Airlines, an Hawaiian corporation,<br><br>Defendant. | No. 08-1930-PHX-FJM<br><br>**ORDER** |

Our order of February 11, 2009 (doc. 51), informed the parties that all of their claims should be litigated in a single court. Order of Feb. 11, 2009 at 3. Given the needlessly busy nature of their motion practice, we encouraged them "to agree upon a forum if they can do so." *Id.* We even indicated our willingness "to either dismiss this case or transfer it to Hawaii." *Id.*

In the related action in the United States District Court for the District of Hawaii, *Mokulele Air Group, Inc., v. Mesa Airlines, Inc.*, CV-08-500-DAE-LEK, Judge Ezra made it clear to the parties that "this case should not and will not proceed in two separate forums. It just isn't going to happen. It's a waste of judicial resources." Transcript of Hearing of January 20, 2009 at 18, attached to Mesa Air Group's Notice of Filing (doc. 50).

Notwithstanding the fact that two separate District Judges have informed the parties that they should litigate in a single forum, the parties have spent a fortune quarreling over the location of that forum. We now have before us "Defendant Mokulele Air Group, Inc.'s Motion to Dismiss Second Amended Complaint or, in the Alternative, Transfer to District of Hawaii" (doc. 53), "Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, Transfer to Hawaii" (doc. 59), and "Defendant Mokulele Air Group, Inc.'s Reply Memorandum in Support of Motion to Dismiss Second Amended Complaint or, in the Alternative, Transfer to District of Hawaii" (doc. 60).

I.

Mokulele first argues that we should dismiss this action because the claims arising under the Code Share Agreement were first raised in the related action in Hawaii. We briefly summarize the chronology of filings and claims. Mesa Air Group first filed this action on October 20, 2008 for payment of fuel invoices. On November 4, 2008, Mokulele filed an action against both Mesa Airlines and Mesa Air Group in the District of Hawaii alleging anti-trust violations, unfair competition, breach of the Code Share Agreement, and tortious interference with contract. On November 7, 2008, Mesa Air Group filed a first amended complaint in this action adding claims for breach of the Code Share Agreement, conversion, trademark infringement, misappropriations of trade secrets, deceptive trade practices, and unfair competition. We allowed Mesa Air Group to file a second amended complaint on February 12, 2009, adding Mesa Airlines as a party. We note that many of Mesa Air Group's claims arise under federal law and the law of Hawaii.

At all events, Mokulele argues that because it paid the outstanding fuel invoices, the claims in Mesa Air Group's October 20, 2008 complaint should be dismissed as moot and therefore ignored in deciding who was the first to file. It argues that since the issues arising under the Code Share Agreement were first raised in its November 4, 2008 complaint in the District of Hawaii, we should dismiss this action under the "first to file" rule. Mesa Air Group argues that notwithstanding payment, there remain claims for interest and fees.

We need not decide whether there is anything left to Mesa Air Group's original claim because it does not affect our "first to file" analysis. The "first to file rule" is discretionary. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). We think given the tortured nature of the parties' actions in both Arizona and Hawaii, neither party is entitled to the "first to file" rule. Neither party has shown any interest in unitary adjudication. As a chronological matter, Mesa Air Group clearly filed this action first, and rather than filing a counterclaim, Mokulele rushed to file a separate action in the District of Hawaii. Likewise, Mesa Air Group could have filed a counterclaim in the Hawaiian action but chose to amend its complaint in this action instead.[1] Under these circumstances, we exercise our discretion to analyze the appropriate forum under the transfer provisions of 28 U.S.C. § 1404(a), rather than a mechanistic application of a "first to file" rule in a case in which neither party has a very strong claim to its application.

## II.

Mokulele argues that if we do not dismiss this action under the "first to file" rule, we should transfer it to the United States District Court for the District of Hawaii under 28 U.S.C. §1404(a). In analyzing the transfer issue, we consider (1) plaintiffs' choice of forum, (2) the location where the relevant agreement was negotiated and executed, (3) the parties' respective contacts with the forum, (4) the ease of access to sources of proof, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (6) the forum most familiar with the governing law, (7) the difference in the costs of litigation in the two forums, and (8) the contacts relating to the plaintiffs' cause of action in the chosen forum. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

There is a permissive, non-mandatory Arizona choice of forum provision in the parties' Code Share Agreement. But for that agreement, venue in the District of Arizona

---

[1] Judge Ezra has already concluded that Mesa Air Group is not entitled to the "first to file" rule because of the difference between Mesa Air Group's original complaint and the Hawaiian action. Order Denying Defendant's Motion to Dismiss of January 22, 2009 at 7-13, attached to Mesa Air Group's Notice of Filing (doc. 50).

under 28 U.S.C. §1391 would be questionable. The defendant resides in Hawaii and it is doubtful whether a substantial part of the events giving rise to the parties' dispute occurred in the District of Arizona. Thus, while Mesa Air Group was entitled, by contract, to file the action in the District of Arizona, we give its choice of forum little weight for two reasons. First, venue is weak here. Second, Judge Ezra has already concluded that Mesa Air Group did not raise its non-fuel claims under the Code Share Agreement until after Mokulele filed its action in the District of Hawaii.

While the Code Share Agreement may have been drafted by Mesa Air Group in Arizona, its execution was in Hawaii. The object of the parties' contract is inter-island air traffic in the State of Hawaii. Thus, Hawaii has a far greater interest in this dispute than does Arizona.

Mesa Air Group has substantial contacts with Hawaii while Mokulele Air Group has virtually no contacts with Arizona. Mesa Air Group chose to do business in Hawaii while Mokulele has not chosen to do business in Arizona.

The ease of access to sources of proof and the availability of compulsory process cut both ways and are neutral factors.

While there is a choice of law provision in the Code Share Agreement that selects Arizona, we note that breach of the Code Share Agreement is but one of many causes of action in this case. There are federal anti-trust claims and Lanham Act claims. Indeed, counts 6, 7, 8, and 9 of Mesa Air Group's second amended complaint even allege claims under the law of Hawaii. Thus, while it may be true that this District may be more familiar with those claims arising under Arizona law, it is also true that the District of Hawaii will be more familiar with claims arising under Hawaii law. Both Districts will be familiar with federal law. This factor thus is neutral.

Given that the parties have expended enormous sums already just quarreling over the forum, it appears that neither party is keenly interested in the efficiency that flows from unitary adjudication. Thus it appears that neither side attributes much weight to costs. Nevertheless, there is a strong association between delay and costs. The longer litigation

- 4 -

goes on, the greater the costs. According to Ninth Circuit United States Courts, *2007 Annual Report* at 46, the unweighted filings per judgeship in the District of Arizona are 744 as compared to 325 in the District of Hawaii. The weighted filings per judgeship in the District of Arizona are 528 as compared to 290 in the District of Hawaii. The District of Arizona is congested because of its proximity to the broken border with the Republic of Mexico. Thus, litigation is likely to take longer here and, therefore, cost more here.

Finally, we note Mesa Air Group's causes of action involve Mokulele's conduct in Hawaii and not in Arizona. Thus, that factor counts in favor of Hawaii.

Because the great majority of transfer factors qualitatively favor Hawaii, we will grant Mokulele's motion to transfer this action to the United States District Court for the District of Hawaii. And, because unitary adjudication is important, we will also order that it be consolidated with *Mokulele Air Group, Inc., v. Mesa Airlines, Inc.*, CV-08-500-DAE-LEK, in the United States District Court for the District of Hawaii.

We also have before us Mesa Air Group's "Motion for Expedited Consideration of Motion to Extend Deadlines" (doc. 62), Mesa Air Group's "Motion for Extension of Deadlines" (doc. 61) and defendant "Mokulele Air Group's Response" (doc. 69). Mesa Air Group asks us to extend the deadlines in our Rule 16 scheduling order for 60 days, or at a minimum extend the expert witness disclosure deadlines for a period of 60 days, because it believes that the motion to transfer should be resolved before progressing with the case. We disagree. The parties had been quarreling over the forum long before we entered our Rule 16 scheduling order. The parties should have been investigating and processing this case whether it is litigated in this District or Hawaii. We thus DENY Mesa Air Group's "Motion to Extend the Deadlines in the Rule 16 scheduling order." No good cause has been shown to upset that order. Of course, this is without prejudice to the right of Judge Ezra to amend the order if he deems it necessary to accommodate the consolidated cases and his own calendar.

Finally, the court has before it "Plaintiffs' Renewed Request for Keyword Search Protocol" (doc. 66). In light of our decision to transfer, IT IS ORDERED DENYING it without prejudice to the right to reurge it in the District of Hawaii.

IT IS THEREFORE ORDERED as follows: DENYING Mokulele's "Motion to Dismiss Second Amended Complaint" (doc. 53), GRANTING Mokulele's "Motion to Transfer to the District of Hawaii" (doc. 53), DENYING Mesa Air Group's "Motion for Extension of Time" (doc. 61), GRANTING Mesa Air Group's "Motion to Expedite Consideration" (doc. 62), and DENYING "Plaintiffs' Renewed Request for Keyword Search Protocol" (doc. 66).

Accordingly, IT IS ORDERED transferring this entire action to the United States District Court for the District of Hawaii under 28 U.S.C. § 1404, for consolidation with *Mokulele Air Group, Inc., v. Mesa Airlines, Inc.,* CV-08-500-DAE-LEK in the United States District Court for the District of Hawaii.

DATED this 19th day of June, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge